UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-23218-CIV-MORENO

KIM E. BULLARD,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE GOODMAN'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion for Summary Judgment (**D.E. 13**), filed on March 24, 2022, and the Commissioner's Motion for Summary Judgment (**D.E. 14**), filed on April 21, 2022. The Magistrate Judge filed a Report and Recommendation (**D.E. 19**), on July 18, 2022. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is **ADJUDGED** that United States Magistrate Judge Jonathan Goodman's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is **ADJUDGED** that Plaintiff's Motion for Summary Judgment is **DENIED** and the Commissioner's Motion for Summary Judgment is **GRANTED**.

I.   **Background and Administrative Adjudication**

This is a Social Security appeal. Kim Bullard challenges the Commissioner's denial of benefits. Bullard is sixty-one years old, alleges an onset of disability in March 2016, and applied for disability benefits in June 2016. He alleges disability due to neck stiffness, right lumbar radiculopathy, cervicalgia, anterior listhesis, lumbar spine, disc protrusion, abnormalities of the neurologic, and fluid in the facet joint cyst. At the Social Security hearing, Bullard testified that he lives alone, needs assistance with most activities, and is in a constant state of pain due to his back issues. He completed high school, speaks English, and stopped working on his onset date due to his symptoms. Before his alleged disability, Bullard worked in waste collection for twenty years.

The Commissioner denied the application, but the district court remanded to the administrative law judge based on an error in assessing Bullard's past relevant work. On remand, Administrative Law Judge Rebecca Wolfe concluded that Bullard was not disabled, after proceeding through the five-step evaluation process for Social Security claims. She concluded that Bullard suffered from a severe impairment—degenerative disc disease—and is thus incapable of performing any past relevant work. However, Judge Wolfe also concluded that Bullard, based on his residual functional capacity, could perform medium work and that there are jobs existing in the national economy in significant numbers that Bullard could perform. The Commissioner denied benefits as a result. Bullard now appeals.

II.   **District Court Litigation and the Report and Recommendation**

Before this Court, Bullard attacks the Administrative Law Judge's decision on two grounds. First, according to Bullard, the Judge Wolfe overly weighted the opinions of Dr. John Santamaria (great weight), a State Agency medical consultant, and Dr. Jon D. Donshik

(significant weight), one of Bullard's medical providers, and undervalued the opinions of Dr. Roy Cardoso (limited weight) and Dr. Pierre Blemur (little weight), two of Bullard's medical providers. (D.E. 19 at 6). Second, Bullard challenges Judge Wolfe's decision to discredit his subjective allegations as not supported by substantial evidence. Following are Bullard's specific arguments addressed to Magistrate Judge Goodman.

First, Bullard argued that the Judge Wolf erred in affording great weight to the state agency medical consultant, Dr. Santamaria. But the report and recommendation explains how it is sufficient that Judge Wolfe found Dr. Santamaria's opinion consistent with the medical evidence in the record and adduced at the hearing. An administrative law judge does not err in relying on a consulting physician's opinion when it is consistent with the medical evidence. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004).

Bullard next attacked Judge Wolfe's decision to extend limited weight to Dr. Cardoso's opinion that Bullard should avoid "heavy grip," along with her finding that that Bullard could sustain the requirements of medium exertional activity. The report and recommendation, however, explains that Judge Wolfe's treatment of Dr. Cardoso's conclusion is not error because the conclusion lacked specifics and because, as interpreted by Bullard, the conclusion would have conflicted with Dr. Cardoso's own treatment notes. *See Clough v. Comm'r of Soc. Sec.*, 813 F. App'x 436, 441 (11th Cir. 2020) (affirming little weight to a provider's opinion when it was vague); *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (appropriate to give a treating physician's opinion less weight when it is contradicted by physician's own treatment notes).

Bullard also took issue with Judge Wolfe's decision to extend little weight to Dr. Blemur's opinion. Bullard contends that *Schink v. Commissioner of Social Security* should

control this issue because in that case, like here, the administrative law judge inconsistently applied her reasoning in giving weight to the various physicians and also discounted the physician questionnaires because they used a checkbox format. 935 F.3d 1245 (11th Cir. 2019). Yet the report and recommendation explains why *Schink* does not control the outcome here. Unlike in *Schink*, Judge Wolfe found that Dr. Blemur's opinion was inconsistent with the other evidence in the record. Further, Dr. Blemur's failure to point to the clinical findings supporting his opinion is particularly problematic because, as Judge Wolfe explained, his staff's treatment notes contain contradictory information.

Finally, Bullard argued that Judge Wolfe erred by assigning significant weight to Dr. Donshik's opinion that Bullard was "employable without restriction" because whether a client is disabled and whether they are unable to work is a determination for the Commissioner. The report and recommendation clarifies this, however: "If a doctor opines that a claimant is 'disabled,' then she must provide specifics about why the claimant is disabled. In contrast, a doctor need not offer explanation when saying that there are no issues with a claimant returning to work because the explanation is accounted for in the opinion -- there are no impairments that would preclude work." (D.E. 19 at 17) (citing *Bryant v. Colvin*, 2015 WL 6457574, at *2 (S.D. Ala. Oct. 26, 2015)). Bullard also complains that Dr. Donshik's opinion is outdated because he requested an MRI but never provided a revised opinion. To Bullard, we cannot presume that Dr. Donshik's opinion would have stayed the same. The report and recommendation concludes that this is mere speculation, and further explains that Judge Wolfe found Dr. Donshik's opinion consistent with his treatment notes.

All in all, Judge Wolfe's treatment of the opinions in the case was supported by substantial evidence, even if Bullard is able to identify pieces of evidence in the record that

support his position. Courts are not permitted to second guess an administrative law judge about the weight a physician's opinion deserves so long as they articulate a specific justification for it. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

Bullard's second major argument is that Judge Wolfe erred in evaluating his subjective symptoms and limitations. Specifically, he argues that Judge Wolfe was wrong to find that his hearing and evidentiary representations were inconsistent and that his work history and treatment history undermined his statements about the severity of his symptoms. But the report and recommendation explains how Judge Wolfe accurately stated the evidentiary inconsistencies and thoroughly examined the record evidence, which revealed multiple grounds for discrediting Bullard's subjective testimony. While Bullard may disagree with that analysis, that is not enough to countermand an administrative law judge. On substantial evidence review, the claimant must do more than point to evidence in the records that supports his position—"he must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). Bullard has not done so here.

### III. Bullard's Objections and Conclusion

Bullard raises five objections to the report and recommendation, all of which have already been considered and rejected by Magistrate Judge Goodman. First, Bullard asserts that the report and recommendation incorrectly reads *Schink*. The administrative law judge in that case found that the physician's opinion was inconsistent with the record evidence as a whole. But the Eleventh Circuit rejected that conclusion, explaining that the administrative law judge "failed to clearly articulate what evidence led him to this conclusion" and that in any event there was no such inconsistency. *Schink*, 935 F.3d at 126. Bullard says the same is true here: Judge Wolfe found an inconsistency when there is none. The facts and record in each case are

obviously different, however, and the report and recommendation explains why, unlike the administrative law judge in *Schink*, Judge Wolfe found a genuine inconsistency between the record and Dr. Blemur's opinion.

Beside that objection, Bullard asserts again that Judge Wolfe—and this time, Magistrate Judge Goodman—did not sufficiently consider the medical source opinions in the record; that Social Security regulations prohibit the Commissioner from giving special significance to an opinion on an issue reserved to the Commissioner; that Dr. Donshik's opinion was outdated without analysis of a new MRI; and that Judge Wolfe's conclusion that Bullard's testimony was inconsistent and in contradiction with the record was not supported by substantial evidence. Yet the report and recommendation adequately discussed and disposed of all of these arguments.

The Court thus adopts the report and recommendation, grants the Commissioner's motion for summary judgment, and denies Bullard's motion for summary judgment.

DONE AND ORDERED in Chambers at Miami, Florida, this ___16th___ of August 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Jonathan Goodman

Counsel of Record